## PARFITT a. WARNER.

*Supreme Court, First District; General Term, Sept.,* 1861.

### DISREGARD OF DEFECTIVE UNDERTAKING.

Where an undertaking given to stay proceedings on appeal from a judgment of sale in foreclosure, is in substantial though not exact compliance with the requirements of the Code, the plaintiff should move to set it aside. If without doing so, or giving notice of the defect, he proceeds to sell the premises under the judgment, the sale must be vacated.

Appeal from an order denying a motion to set aside sale of mortgaged premises.

This was an action for the foreclosure of a mortgage of $1,500. The plaintiff procured a judgment for foreclosure, and the sale

of the premises, and advertised a sale. The defendant Warner appealed from the judgment, and procured from a judge of the court an order fixing the sum to be secured on appeal, for the value of the use and occupation of the premises, as prescribed in section 338 of the Code, at seven hundred dollars.

The appellants then procured the execution of an undertaking by sufficient sureties, which, after reciting the judgment and proceedings, was as follows: "That during the possession of the said property by the said Anne B. Warner and Effingham H. Warner, the said appellants, or either of them, they will not commit or suffer to be committed any waste thereon; and that if the said judgment be affirmed they will pay the value of the use and occupation of the said property from this time until the delivery of the possession thereof pursuant to the said judgment, not exceeding the sum of seven hundred dollars; and the deficiency arising upon the sale thereof pursuant to the said judgment, not exceeding for both such deficiency and said value the sum of two thousand dollars; and will in addition pay all costs and damages which may be awarded against them on such appeal, not exceeding the sum of two hundred and fifty dollars."

This undertaking was filed, and a copy served with notice of filing, upon the day for which the sale of the premises was advertised. The plaintiff deeming the undertaking defective in not providing a sufficient indemnity against waste, nor for the payment of any deficiency arising on the sale, completed the sale of the premises without further notice.

A motion by the Warners at special term to vacate and discharge the sale was denied, and they took the present appeal.

*J. O. Robinson,* for the appellants.

*C. S. Woodhull,* for the respondent.

By the Court.*—Ingraham, J.—The undertaking was not void, and might be sufficient for all purposes under the Code, though not in exact compliance with the statute.

In such a case, the proper course was to move to set it aside, and to allow the plaintiff to proceed and sell, or to give notice of the defect in the undertaking.

* Present, Clerke, P. J., Ingraham and Leonard, JJ.

To warrant the course taken in this case, without notice of any kind, would be doing injustice to the parties, and encouraging a course of proceeding which ought not be approved, of.

The order should be reversed, and the sale vacated and discharged, without prejudice to a motion of the plaintiff to set aside the undertaking.